UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY TATE, | ) | Case No. CV 09-9237-DDP(RC) |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER ON A |
| JAMES A. YATES, | ) | PETITION FOR HABEAS CORPUS |
| | ) | |
| Respondent. | ) | |

On December 16, 2009, petitioner Larry Tate, a person in state custody proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1996 conviction and sentence in Los Angeles County Superior Court case no. YA025070.

## BACKGROUND

This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the records in a prior federal habeas corpus action brought by petitioner: Tate v. Yates, case no. CV 04-10605-DDP(RC) ("Tate I"), which was dismissed as untimely on May 31, 2005. Although the petitioner filed a notice of appeal, his request for a certificate

//

//

1    of appealability was denied by both this Court and the Ninth Circuit

2    Court of Appeals.

3                                    **DISCUSSION**

4       The Antiterrorism and Effective Death Penalty Act of 1996

5    ("AEDPA") "greatly restricts the power of federal courts to award

6    relief to state prisoners who file second or successive habeas corpus

7    applications." Tyler v. Cain, 533 U.S. 656, 661, 121 S. Ct. 2478,

8    2481-82, 150 L. Ed. 2d 632 (2001). Specifically, the AEDPA provides:

9

10       Before a second or successive application permitted by this

11       section is filed in the district court, the applicant shall

12       move in the appropriate court of appeals for an order

13       authorizing the district court to consider the application.

14

15    28 U.S.C. § 2244(b)(3)(A).

16

17       This provision "creates a 'gatekeeping' mechanism for the

18    consideration of second or successive applications in district court."

19    Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 2339, 135

20    L. Ed. 2d 827 (1996); Stewart v. Martinez-Villareal, 523 U.S. 637,

21    641, 118 S. Ct. 1618, 1620, 140 L. Ed. 2d 849 (1998). "An individual

22    seeking to file a 'second or successive' application must move in the

23    appropriate court of appeals for an order directing the district court

24    to consider his application," Martinez-Villareal, 523 U.S. at 641, 118

25    S. Ct. at 1620, and the appellate court "may authorize the filing of a

26    second or successive application only if it determines that the

27    application makes a prima facie showing that the application satisfies

28    the requirements of" Section 2244(b).  28 U.S.C. § 2244(b)(3)(C);

1  <u>Morales v. Ornoski</u>, 439 F.3d 529, 531 (9th Cir. 2006); <u>see</u> <u>also</u> <u>Cooper</u>
2  <u>v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001)("'When the AEDPA is
3  in play, the district court may not, in the absence of proper
4  authorization from the court of appeals, consider a second or
5  successive habeas application.'"  (quoting <u>Libby v. Magnusson</u>, 177
6  F.3d 43, 46 (1st Cir. 1999)).

7

8       "[D]ismissal of a section 2254 habeas petition for failure to
9  comply with the [AEDPA's] statute of limitations renders subsequent
10 petitions second or successive for purposes of the AEDPA, 28 U.S.C. §
11 2244(b)(1)."  <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009)
12 (footnote omitted); <u>see also Murray v. Greiner</u>, 394 F.3d 78, 81 (2d
13 Cir. 2005) ("[The] dismissal of a § 2254 petition for failure to
14 comply with the one-year statute of limitations constitutes an
15 adjudication on the merits that renders future petitions under § 2254
16 challenging the same conviction 'second or successive' petitions under
17 § 2244(b).").  Since petitioner's initial habeas corpus petition, Tate
18 I, was denied as untimely, the instant petition is a successive
19 petition.  <u>Ibid.</u>

20

21      Rule 4 of the Rules Governing Section 2254 Cases in the United
22 States Courts provides that "[i]f it plainly appears from the petition
23 and any attached exhibits that the petitioner is not entitled to
24 relief in the district court, the judge must dismiss the petition and
25 direct the clerk to notify the petitioner."  28 foll. U.S.C. § 2254,
26 Rule 4.  Here, it plainly appears on the face of the petition that
27 petitioner has not received authorization from the Ninth Circuit Court
28 of Appeals for the instant petition to be brought.  Thus, this Court

                                    3

1  must dismiss the instant habeas petition as a successive petition for
2  which it lacks subject matter jurisdiction.

3

4                                  **ORDER**

5       IT IS HEREBY ORDERED that Judgment be entered SUMMARILY
6  DISMISSING the habeas petition and action for lack of subject matter
7  jurisdiction.

8

9       The Clerk of Court shall notify petitioner of the Judgment.

10

11  DATE: ___1-28-10___          _____
12                                    DEAN D. PREGERSON
                                 UNITED STATES DISTRICT JUDGE
13  PRESENTED BY:

14  DATE: ___Dec. 21, 2009___

15  _____
        ROSALYN M. CHAPMAN
16  UNITED STATES MAGISTRATE JUDGE

17  R&R-MDO\09-9237.mdo
    12/18/09
18

19

20

21

22

23

24

25

26

27

28